UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HUEY P. GARDNER** | **CIVIL ACTION NO. 12-1914-P** |
| **VERSUS** | **JUDGE HICKS** |
| **CADDO PARISH SHERIFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is one of *eight* civil actions that pro se plaintiff Huey P. Gardner ("Plaintiff") has filed in this court in the last two years. He filed this action in forma pauperis in this court on July 13, 2012. Plaintiff names the Caddo Parish Sheriff and the Caddo Parish Commission as defendants.

Plaintiff claims he was subjected to cruel and unusual punishment while incarcerated at the Caddo Correctional Center from February 11, 2012 to June 14, 2012. He claims he was not provided proper nourishment and suffered from hunger daily. He claims he was served an ounce and a half of cereal, a piece of fruit, and a half pint of milk for breakfast. He claims he was served a sandwich, a bag of chips, and a piece of fruit or snack cake for lunch. He claims he was served a four section tray that was substantially less than full or

contained one or more empty sections for dinner. He claims the meals were served approximately six hours apart.

As relief, Plaintiff seeks actual and punitive damages.

## LAW AND ANALYSIS

The Constitution mandates that detainees and inmates be provided " 'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" Green v. Ferrell, 801 F.2d 765, 770 (5th Cir.1986) (quoting Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977)) (footnote omitted); See also Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir.1996) (per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food.").

"The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Talib v. Gilley, 138 F.3d 211, 214, n. 3 (5th Cir.1998)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)) (internal quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation ." Id.

Plaintiff does not allege that he was denied anything close to the "minimal civilized measure of life's necessities." Id. Nor did he allege any specific physical harm resulting from the Defendants' alleged dietary failures. He did not claim that he lost weight or suffered any other adverse physical effects as a result of the complained of diet. Plaintiff offered only conclusory allegations that the prison diet was inappropriate and that is insufficient to state a claim for which relief might be granted.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e)(2); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous. It is further recommended that his motions for service and correction of classification (Docs. 32, 39 and 44) be **DENIED** as moot.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 6th day of February 2014.

Mark L. Hornsby
U.S. Magistrate Judge